**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4692**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

GASPAR LOPEZ-DIAZ,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:14-cr-00204-HMH-1)

Submitted: February 9, 2015         Decided: March 4, 2015

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gaspar Lopez-Diaz pleaded guilty to illegally reentering the United States after having been removed following a felony conviction, in violation of 8 U.S.C. § 1326(a)(1), (b)(1) (2012). The district court sentenced Lopez-Diaz to eighteen months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Gaspar-Lopez argues on appeal that the district court failed to adequately explain the sentence. In sentencing a defendant, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In addition, "[w]here [a party] presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks omitted).

Our review of this issue is for plain error, as Lopez-Diaz did not request a sentence other than that which he received. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). "To establish plain error, [a defendant] must show that an error occurred, that the error was plain, and that the

error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Lopez-Diaz satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alterations omitted).

In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that Lopez-Diaz has failed to demonstrate that the district court committed plain error in sentencing him to the low end of the advisory Guidelines range. See United States v. Hernandez, 603 F.3d 267, 272 (4th Cir. 2010).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid in the decisional process.

AFFIRMED